Filed 1/23/23 P. v. Villanueva CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>RICARDO VILLANUEVA,<br><br>        Defendant and Appellant. | H049951<br>(Monterey County<br>Super. Ct. No. SS102330B)<br><br>ORDER MODIFYING OPINION,<br>NO CHANGE IN JUDGMENT |

BY THE COURT:

It is ordered that the opinion filed herein on January 19, 2023, be modified as follows:

On page 9, in subheading D.2., delete the words "Doe's 2" and replace them with "Doe 2's"

There is no change in the judgment.

_____
                         Wilson, J.


_____
Bamattre-Manoukian, Acting P.J.


_____
                      Danner, J.


People v. Villanueva
H049951

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO VILLANUEVA,<br><br>    Defendant and Appellant. | H049951<br>(Monterey County<br> Super. Ct. No. SS102330B) |

In 2013, as part of a negotiated disposition, defendant Ricardo Villanueva pleaded no contest to one count of attempted murder (Pen. Code, §§ 664, 187, subd. (a)),[1] one count of street terrorism (§ 186.22, subd. (a)), and admitted allegations supporting criminal street gang (§ 186.22, subd. (b)(1)) and firearm enhancements (§ 12022.53, subds. (c), (e)). Villanueva was sentenced to an aggregate term of 25 years in state prison.

Villanueva now appeals following the denial of his petition for resentencing under former section 1170.95 (Stats. 2018, ch. 1015, § 4).[2] The parties agree that the trial court erred in making certain factual findings and should not have denied Villanueva's petition at the prima facie stage. We concur. We therefore reverse the trial court's order and remand with directions.

---

[1] Unspecified statutory references are to the Penal Code.

[2] Section 1170.95 has been amended and renumbered as section 1172.6. (Stats. 2022, ch. 58, § 10, eff. June 30, 2022; see also Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) We will henceforth refer only to section 1172.6.

# I.     FACTUAL AND PROCEDURAL BACKGROUND

## A. Procedural background

On May 24, 2011, the Monterey County District Attorney filed an amended information against Villanueva and a codefendant, Jesse Estrada Diaz. Villanueva was charged with one count of first degree murder (§ 187, subd. (a); count 1), one count of attempted first degree murder (§§ 664, 187, subd. (a); count 2), and one count of street terrorism (§ 186.22, subd. (a); count 3). In addition, the information charged Villanueva with gang allegations (§ 186.22, subd. (b)(1)) in connection with counts 1 and 2, and with firearm allegations (§ 12022.53, subds. (c), (e)) in connection with count 2.

On October 3, 2013, Villanueva entered into a plea agreement, pleading no contest to attempted murder, without premeditation (§§ 664, 187, subd. (a); count 2), street terrorism (§ 186.22, subd. (a), count 3), and admitting the gang and firearm enhancement allegations (§§ 186.22, subd. (b)(1), 12022.53, subds. (c), (e)).[3] In exchange, the remaining charges and allegations would be dismissed and Villanueva would receive a stipulated sentence of 25 years in state prison. The trial court subsequently sentenced Villanueva to a total term of 25 years, consisting of the lower term of five years on count 2, plus 20 years for the firearm enhancement.

On January 5, 2022, Villanueva filed a pro per petition seeking resentencing pursuant to section 1172.6. The trial court appointed counsel and, after the parties submitted briefing on the matter,[4] denied the petition for failure to state a prima facie claim for relief.

---

[3] The waiver of rights form did not contain any statement of facts about the crime and enhancements to which Villanueva was pleading guilty or the theory of liability for his conviction for attempted murder.

[4] The district attorney submitted a copy of the transcript from the preliminary examination as an exhibit to her opposition to Villanueva's petition.

***B. Factual background***[5]

On October 1, 2010, the victims, John Doe 1 and John Doe 2, dropped a friend and her baby off on Key Street in Salinas. As the victims stood in the street near their vehicle, Villanueva and Diaz approached them. Diaz yelled "East Market Street, motherfuckers," before fatally shooting John Doe 1. John Doe 2 tried to run away, but Villanueva " 'blocked' " him. Diaz shot John Doe 2 in the leg, and shot him again after he fell to the ground. John Doe 2 survived, and was interviewed by police both at the scene and at the hospital as he was treated.

When interviewed by police, Villanueva initially denied he was involved. However, in a post-plea interview with the probation department, Villanueva said "he had no idea that Diaz was going to shoot someone." Villanueva also said that, contrary to what John Doe 2 told police, he did not block John Doe 2's path and he "was actually trying to stay out of the way."

## II. DISCUSSION

Villanueva argues that the trial court erred in relying on the preliminary hearing transcript in finding that he failed to state a prima facie case for relief under section 1172.6. He also claims that the court made factual findings at the prima facie stage and impermissibly used those findings as a basis to deny relief.

The Attorney General agrees that the trial court erred in concluding that Villanueva's petition failed to state a prima facie case. Even if it were permissible for the trial court to rely on the preliminary hearing transcript in evaluating the petition for resentencing, it may not engage in factfinding in determining whether the petition sets forth a prima facie claim for relief.

---

[5] Because Villanueva pleaded no contest before trial, we derive the factual background from the preliminary hearing transcript and the probation report.

3

We agree that the Attorney General's concession is well-taken and will reverse the order denying the petition for resentencing and remand for further proceedings.

### A. Relevant legal principles

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) "amend[ed] the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To that end, the bill amended section 188, subdivision (a)(3), which now requires that all principals to murder must act with express or implied malice to be convicted of that crime, with the exception of felony murder under section 189, subdivision (e). (Stats. 2018, ch. 1015, § 2.) A felony murder conviction under section 189, subdivision (e), as amended by Senate Bill No. 1437, requires that the defendant be the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 3.)

In addition to the amendments to sections 188 and 189 described above, Senate Bill No. 1437 added section 1170.95 (since renumbered as 1172.6). (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) As relevant here, section 1172.6 allows a person convicted of murder under prior law to petition the court to vacate their conviction and be resentenced on any remaining counts. (§ 1172.6, subd. (a).) All of the following conditions must apply to warrant section 1172.6 relief: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; "(2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could

4

have been convicted of murder"; and "(3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).) Section 1172.6, subdivision (c), requires the court to appoint counsel for all properly pleaded petitions, and then conduct a prima facie analysis, with briefing by the parties, as to the petitioner's eligibility before determining whether to issue an order to show cause.

Effective January 1, 2022, Senate Bill No. 775 (2020-2021 Reg. Sess.) amended section 1172.6 to, among other things, "[c]larif[y] that persons who were convicted of attempted murder . . . under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775, Stats. 2021, ch. 551, § (1)(a).) Accordingly, section 1172.6, subdivision (a) provides that "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court . . . to have the petitioner's . . . attempted murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of . . . attempted murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder. [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

If the petition presents a prima facie showing of entitlement to relief, the court issues an order to show cause. (§ 1172.6, subd. (c).) The court then "hold[s] a hearing to determine whether to vacate the . . . attempted murder . . . conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any,

5

is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).) The bar for establishing a prima facie claim for relief is very low, and "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).)

### B. Hearing to determine if Villanueva's resentencing petition raised prima facie claim

At the hearing, the prosecutor urged the trial court to rely on the preliminary hearing transcript, which was attached to the opposition papers, because Villanueva stipulated to that transcript as providing a factual basis for his plea. The prosecutor argued the transcript demonstrated that Villanueva directly aided and abetted Diaz in his attempt to kill John Doe 2.

In opposition, Villanueva maintained that the court was not permitted to engage in factfinding or make credibility determinations at this stage. In his view, the record was ambiguous as to whether Villanueva knew that Diaz planned to shoot anyone and whether he acted with the intent to aid Diaz when John Doe 2 was shot.

In response, the trial court contested Villanueva's characterization of the record, stating: "You're saying he was there and that's all he did. That's not all he did according to the prelim transcript. We know somebody was shot and killed. He was present when that person was shot and killed. A second person tried to leave. The evidence presented at the preliminary hearing was he stepped in his way and blocked him."

After hearing additional argument from the parties, the court denied the petition, finding that Villanueva failed to state a prima facie case of relief. In explaining its decision, the court noted that Villanueva "is clearly an aider and abettor and has not met the prima facie showing. [¶] The Court is making that finding based upon the evidence

6

set forth in the preliminary hearing."[6]  However, the court also acknowledged that, if it were not permitted to rely on the preliminary hearing transcript, it would find that Villanueva "has made a prima facie showing."

### C. The trial court erred in denying the petition for failure to state a prima facie claim for relief

We agree with the parties that Villanueva's petition presented a prima facie showing of relief, and nothing in the record established as a matter of law that he is ineligible for relief under section 1172.6.  (*Lewis*, *supra*, 11 Cal.5th at p. 970.)

As the California Supreme Court has made clear, "the prima facie inquiry under [section 1170.95,] subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' ([*People v. Drayton* (2020) 47 Cal.App.5th 965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1).)  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton*, at p. 978, fn. omitted, citing *In re Serrano* (1995) 10 Cal.4th 447, 456.) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility

---

[6] The court indicated that it was following *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1168, when it relied on the preliminary hearing transcript to find that Villanueva had failed to state a prima facie case for relief.  However, the court expressly sought "additional guidance from the Appellate Court" on whether it was appropriate to consider the preliminary hearing transcript in cases resolved by plea, noting that there was a "split of authority" on this question.  Because we conclude that the court erred by engaging in factfinding, we need not and do not reach the question of whether the preliminary hearing transcript may be reviewed in deciding whether a resentencing petition states a prima facie claim for relief.

determination adverse to the petitioner." ' (*Drayton*, at p. 979, quoting *Serrano*, at p. 456.)" (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

Nothing in the record establishes as a matter of law that Villanueva was ineligible for relief. The trial court's finding that Villanueva was a direct aider and abettor rests on the type of factfinding in which the trial court may not engage at the prima facie stage.

### D. Proceedings on remand

Because the Attorney General has raised additional points regarding the scope and conduct of the evidentiary hearing, we briefly address those points and provide limited guidance to the trial court in that regard.

At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).) Both the prosecutor and the petitioner may offer new or additional evidence, subject to the Evidence Code, to meet their respective burdens of proof. The court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." (§ 1172.6, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1172.6, subd. (d)(3).)

#### 1. The issue of intent

The Attorney General first claims that, on remand, Villanueva's original plea to the charge of attempted murder precludes him from litigating the issue of intent, limiting him to contesting only whether he acted to directly aid and abet the direct perpetrator. Villanueva counters that his plea was not a stipulation to any particular theory of attempted murder. Had the matter proceeded to trial, the prosecution could have (under the applicable law at the time) argued he was guilty under either a natural and probable consequences theory or as a direct aider and abettor. Villanueva also points out the

8

district attorney expressly conceded this point in her opposition to his petition for resentencing.

We agree with Villanueva on this issue. The record of conviction lacks "assurance of the basis for the conviction." (*People v. Rivera* (2021) 62 Cal.App.5th 217, 237.) Having "offered a theory under which the evidence . . . was consistent with his guilt" of attempted murder "under the natural and probable consequences doctrine," Villanueva "created a factual dispute that cannot be resolved at the prima facie stage since nothing in the record definitively foreclosed his theory." (*Id*. at p. 239.) That dispute must be addressed at the evidentiary hearing.

### 2. *Admissibility of John Doe's 2 hearsay statement*

The Attorney General also argues that John Doe 2's statement to the police that Villanueva deliberately impeded his attempt to run away will be admissible at the evidentiary hearing under the spontaneous statement exception (Evid. Code, § 1240) to the hearsay rule. Villanueva disagrees, claiming in the alternative that: (1) the matter was forfeited as it was not raised below; (2) the statement does not fall within the spontaneous statement exception; and (3) the matter is not ripe for review. We agree with Villanueva that the question is not ripe.

"The ripeness requirement prevents courts from issuing purely advisory opinions. [Citation.] It is founded on 'the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy.' " (*In re M.F.* (2022) 74 Cal.App.5th 86, 106.) The trial court is best placed in the first instance to rule on any disputes regarding the admissibility of the evidence both parties seek to present at the section 1172.6 hearing and we presume it will follow the applicable law in so doing.

### III. DISPOSITION

The trial court's April 14, 2022 order denying Villanueva's Penal Code section 1170.95 petition for resentencing is reversed. On remand, the trial court shall issue an order to show cause under Penal Code section 1172.6, subdivision (c), and hold a hearing pursuant to Penal Code section 1172.6, subdivision (d)(3). At that hearing, the trial court shall apply current law in its consideration of Villanueva's petition.

_____
                            Wilson, J.


WE CONCUR:


_____
Bamattre-Manoukian, Acting P. J.


_____
                  Danner, J.


People v. Villanueva
H049951